United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-10732
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JOSE ALBERTO LOZANO,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 4:03-CR-327-ALL-Y
--------------------

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM:[*]

Jose Alberto Lozano appeals his conviction following a jury trial of possession with the intent to distribute more than 100 kilograms of marijuana, in violation of 21 U.S.C. § 841. We affirm.

Lozano first argues that the evidence was insufficient to support his conviction because there was insufficient evidence of his guilty knowledge.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Viewing the evidence in the light most favorable to the prosecution, there was sufficient evidence from which a reasonable jury could infer that Lozano knew about the marijuana hidden in his tractor-trailer.[1] The Government presented ample circumstantial evidence, aside from his control of the trailer in which the drugs were found, of guilty knowledge. Dole employees testified that Lozano's cargo was loaded in the normal manner, establishing both that Lozano had observed the loading of the cargo in his trailer and that the cargo had been tampered with after loading. Trooper Forrest testified that Lozano was nervous when stopped, had an unusually nonchalant reaction to the disarray of his cargo, denied having let the trailer out of his sight after leaving Dole, and had inexplicable inconsistencies in his log book entries, including an unaccounted-for 18-hour delay after taking on perishable cargo. Additionally, testimony established that the marijuana had a high street value, in excess of $400,000, a fact from which the jury could infer Lozano's knowledgeable involvement in a drug-trafficking scheme.[2] Considered together, this testimony provided sufficient circumstantial evidence of Lozano's guilty knowledge.[3]

---

[1]See Jackson v. Virginia, 443 U.S. 307, 319 (1979); see also 21 U.S.C. § 841(a)

[2]United States v. Villarreal, 324 F.3d 319, 324 (5th Cir. 2003).

[3]See United States v. Ortega Reyna, 148 F.3d 540, 544 (5th Cir. 1998).

Lozano next contends that statements at trial made by Trooper Forrest, Officer Malugani, and the prosecutor improperly commented on his pre- and post-arrest silence, in violation of his Fifth Amendment rights and *Doyle v. Ohio*.[4] Because he did not object to these statements below, we review for plain error.[5] Assuming without deciding that there was error here, Lozano has not established plain error because has not shown that the error affected his substantial rights. Given the abundant evidence of his guilt and the indirect nature of the comments about his silence, he cannot show that the comments "affected the outcome of the district court proceedings."[6]

Lozano additionally contends, also for the first time on appeal, that the prosecutor, by using the pronoun "we" to refer to the entirety of the Government's case during closing argument, impermissibly vouched for the credibility of its witnesses. He further argues that the prosecutor improperly referred to the cost of prosecuting him and impermissibly attempted to shift the burden of proof to him during closing argument.

The record demonstrates that Lozano has misconstrued the prosecutor's arguments and that none of the statements about which Lozano complains, when taken in context, were improper.

---

[4]426 U.S. 610 (1976).

[5]FED. R. CRIM. P. 52(b); *United States v. Olano*, 507 U.S. 725, 732 (1993).

[6]*Olano*, 507 U.S. at 734.

Moreover, even if the prosecutor's remarks were improper, Lozano cannot establish plain error.  His substantial rights were not affected because the evidence of guilt was overwhelming and because the district court's instructions that the statements, objections, and arguments made by the lawyers are not evidence, coupled with its instruction that the jury consider only the evidence, were sufficient to cure any prejudice.[7]

The district court's judgment is AFFIRMED.

---

[7]*See United States v. Ramirez- Velasquez*, 322 F.3d 868, 875 (5th Cir.), *cert. denied*, 540 U.S. 840 (2003).